FILED by _____ D.C.
ELECTRONIC
Jan. 30, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLEN ENTIN

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC.;
ARROW FINANCIAL SERVICES, LLC;
WELLS FARGO AUTO FINANCE, INC.

    Defendants
_____/

09-CV-80122-Zloch-Snow

Judge:

Case no:

## ORIGINAL COMPLAINT
### (& Jury Demand)

Comes now the plaintiff, **GLEN ENTIN,** (Hereinafter referred to as **"the Plaintiff"**), on behalf of himself and by and through undersigned counsel, who files this original complaint against the Defendants Central Credit Services, Inc. (Hereinafter referred to as **"Central"**), Arrow Financial Services, LLC (Hereinafter referred to as **"Arrow"**), and Wells Fargo Auto Finance, Inc. (Hereinafter **"Wells"**) and in support thereof would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Credit Reporting Act, 15

U.S.C. §1681 et seq. (hereinafter referred to as the "**FCRA**"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter referred to as the "**FDCPA**"), and the Florida Consumer Collection Practices Act - FS §559 *et seq., (*hereinafter referred to as the "FCCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, and 15 U.S.C. §1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendant **Central** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida.

4. The Defendant **Arrow** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida.

5. The Defendant **Wells** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida. **Wells** is a "furnisher of information" as stated in 15 U.S.C. §1681 et seq., as amended. **Wells** is also a "debt collector" as defined by the FDCPA and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

## **VENUE**

6. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

   a. The violations of the FCRA and FDCPA alleged below occurred and/or were committed in **Palm Beach County,** State of Florida within the Southern District of Florida;

   b. At all times material hereto, the Defendant **Central**, was and continues to be a corporation engaged in business activities in Palm Beach County, Florida and as such is a citizen of the State of Florida.

   c. At all times material hereto, the Defendant **Arrow**, was and continues to be a corporation engaged in business activities in Palm Beach County, Florida and as such is a citizen of the State of Florida.

   d. At all times material hereto, the Defendant **Wells**, was and continues to be a corporation engaged in business activities in Palm Beach County, Florida and as such is a citizen of the State of Florida.

7. The plaintiff is an individual residing in Palm Beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692 et seq.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff is an "individual consumer" as defined by the FCRA and FDCPA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged

debt with **Wells**, which was subsequently assigned to Defendant **Central** and **Arrow**. The Defendants, **Central and Arrow,** have repeatedly attempted to collect on this alleged debt from the Plaintiff.

9. Around February 2006, Plaintiff took out an auto loan with Defendant **Wells** to finance the purchase of a Nissan Altima. Plaintiff fell behind on his payments and Defendant **Wells** repossessed the car around February 2007.

10. At the time Plaintiff entered into the financing arrangement with Defendant **Wells**, Plaintiff was receiving Social Security disability which Defendant **Wells** knew or should have known.

11. Additionally, at the time Plaintiff entered into the financing arrangement, he was residing at a mental health community hospital in Long Island, NY. Plaintiff's mental state was the reason he was receiving Social Security disability.

12. Upon information and belief, Defendant **Wells** was apprised of Plaintiff's mental condition and agreed that Plaintiff's debt would be discharged as the Plaintiff lacked the mental capacity to enter into the financing arrangement with Defendant **Wells** in the first place.

13. Upon information and belief, on or around July 22, 2008 Plaintiff received a call from an agent of Defendant **Central** who identified himself to Plaintiff as David Harson. Mr. Harson informed Plaintiff that he was a state prosecutor for the State of New York and was calling Plaintiff after

Defendant **Wells** "arbitrated with him" to settle his case, number 4023158, for $5,900. Mr. Harson asked Plaintiff a series of questions and threatened to dispatch the Sheriff to Plaintiff's house and arrest him for failure to pay his bills.

14. Upon information and belief, Mr. Hanson again called Plaintiff on July 24, 2008 and reiterated the statements described above and implored Plaintiff to call him back at 1-888-969-0006 to avoid being arrested.

15. On or about July 24, 2008, Plaintiff also received a letter from Defendant **Central** as an alleged agent of Defendant **Arrow** for collection of $11,881.16 on an account originating with Defendant **Wells**.

16. Upon information and belief, on or around July 28, 2008, Plaintiff received another call from an agent of Defendant **Central** who identified himself as Scott Edwards. Mr. Edwards told Plaintiff he had been in contact with Mr. Hanson and Plaintiff was on the verge of "serious trouble with the law" and would be prosecuted immediately. Throughout the conversation Mr. Edwards constantly belittled Plaintiff and made fun of his mental condition. Mr. Edwards then put an unidentified woman on the phone with Plaintiff who told Plaintiff that the State of New York had decided to prosecute and Defendant **Central** would ensure Plaintiff was prosecuted to the fullest. She went on to state that the Sheriff would be at Plaintiff's residence to arrest him.

17. Upon information and belief, on or around July 28, 2008, Plaintiff received another call from an agent of Defendant **Central** who identified himself as John Rosenberg. Mr. Rosenberg stated that Washington Mutual and Providian were backing them on this matter and that they had been retained by the State of New York on this matter and that the "Attorney of New York" was involved in the case. Mr. Rosenberg told Plaintiff he had signed an affidavit when Plaintiff bought his car and failure to pay would show up on his credit report for everyone to see.

18. Upon information and belief, on or around July 29, 2008, Plaintiff received another call from Mr. Rosenberg. Mr. Rosenberg stated that Plaintiff was being recorded with Scott Edwards and Paul Hahn. Mr. Rosenberg further stated that Plaintiff was being prosecuted by the State of New York and that Mr. Rosenberg was going to inform Washington Mutual and all other credit cards Plaintiff had and was paying on time that the Plaintiff was being prosecuted by the State of New York.

19. Therefore, the defendants **Central and Arrow** have purposefully and willfully attempted to collect a debt in violation of §1692 et seq., and Defendant **Wells** violated §1681 et seq. by furnishing erroneous information to the Credit Bureaus.

## COUNT ONE

## VIOLATION OF THE FDCPA – 15 U.S.C. §1692 et seq.

## BY DEFENDANTS CENTRAL AND ARROW

20. Plaintiffs re-allege and incorporate paragraphs 1 through 19 above as if fully stated herein.

21. Upon information and belief the foregoing acts and omissions of Defendants **Central and Arrow** as further described within this Complaint constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

22. Upon information and belief, Defendants **Central and Arrow** have specifically violated 15 U.S.C. §1692e(2) by attempting to collect on a debt from Plaintiff that was never valid and had been acknowledged as such by Defendant **Wells**.

23. Upon information and belief, Defendants **Central and Arrow** have specifically violated 15 U.S.C. §1692e(10) by falsely representing that Plaintiffs still owed on a debt that was never valid and had been acknowledged as such by Defendant **Wells**.

24. As a result of these various violations of the FDCPA by **Central and Arrow**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from Defendants **Central and Arrow**.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendants **Central and Arrow** for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

## COUNT TWO

## VIOLATION OF THE FCRA - 15 U.S.C. §1681s-2(b)

## BY DEFENDANT WELLS

25. Plaintiffs re-allege and incorporate paragraphs 1 through 19 above as if fully stated herein.

26. At all times pertinent hereto, Defendant **Wells** was a "person" as that term is defined by 15 U.S.C. §1681a(b) and a "furnisher of information" to the credit reporting agencies.

27. The Defendant **Wells** individually violated 15 U.S.C. §1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of that Act. Throughout the entire course of its actions, **Wells** willfully and/or negligently violated these provisions of the FCRA in the following manner:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

   b. By willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

   c. By willfully and/or negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies;

   d. By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

   e. By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

   f. By willfully and/or negligently failing to permanently block the reporting of the inaccurate information as disputed by the Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to all credit reporting agencies;

   g. By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

28. As a result of this individual conduct, action and inaction of Defendant **Wells**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, lowered credit rating, the mental and

emotional pain and anguish and the humiliation and embarrassment of the credit denials.

29. The individual conduct, action and inaction of Defendant **Wells** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

30. In the alternative, the individual conduct, action and inaction of Defendant **Wells** was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

31. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the individual Defendant **Wells** in an amount to be determined by the Court pursuant to §1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the individual defendant **Wells** for:

    a. Actual Damages pursuant to §1681n(a)(1)(A) and §1681o(a)(1);

    b. Statutory damages up to $1000.00 pursuant to §1681n(a)(1)(B);

    c. Attorney's fees, litigation expenses and costs of suit pursuant to §1681n(a)(3) and §16810(a)(2); and

      d.    For such other and further relief as the Court may deems just, equitable, and proper.

Additionally, the Plaintiff prays that the Defendant **Wells** immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information.

## COUNT THREE

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT WELLS

32. Plaintiffs re-allege and incorporate paragraphs 1 through 19 above as if fully stated herein.

33. That **Wells** violated the Florida Consumer Collection Practices Act §559 *et seq.* including, but not limited to, violations of §559.72(9), by attempting to enforce a debt against the Plaintiff knowing that Plaintiff lacked the mental capacity to enter an agreement in the first place.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **Wells** for an award of:

      a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

## JURY TRIAL DEMAND

Plaintiffs are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 21st day of January, 2009.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC**
**20423 State Road 7**
**Suite F6-477**
**Boca Raton, FL 33498**
**Tel: 954-334-7670**
**Fax: 954-334-7668**

_____
**Filed by: Paul A. Herman, Esq**
**FL Bar #405175**
**Joel A. Brown, Esq.**
**FL Bar #0066575**

**Attorneys for Plaintiff**

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
GLEN ENTIN

**DEFENDANTS**
CENTRAL CREDIT SERVICES; ARROW FINANCIAL SERVICES; WELLS FARGO

(b) County of Residence of First Listed Plaintiff  **PALM BEACH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **PALM BEACH**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
FAIR CREDIT LAW GROUP (PAUL A HERMAN, JOEL A BROWN) 3389 SHERIDAN STREET #245, HOLLYWOOD, FL 33021

Attorneys (If Known)
9:09CV 80122-Zloch-Snow

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO

JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 USC 1681 et seq (FCRA); 15 USC 1692 et seq (FDCPA)

LENGTH OF TRIAL via  TWO  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE  1/21/09

FOR OFFICE USE ONLY
AMOUNT  350.00   RECEIPT # 545252   IFP